For complainants: Robinson & Robinson.

For respondents: Dooley, Jackvony, Curran & Dunn.

Woonsocket Supply Company
vs.                     Eq. No. 10027.
Justina Archambault et al.

Louis Peloquin
vs.                     Eq. No. 10029.
Justina Archambault et al.

May 10, 1932.

CHURCHILL, J. Petitions for enforcement of mechanics' liens consolidated and tried together.

A lien is claimed in each case under the provisions of Sec. 1, Chap. 301, General Laws of 1923. It was admitted at the hearing that the technical requirements of the lien statute have been complied with.

The property in question was owned by the respondent, a married woman.

In each case the husband of the respondent made the arrangement with the petitioner for furnishing work and materials on the house being erected on land owned by the respondent. The respondent did not testify or otherwise rebut the inference to be drawn from such testimony or deny that her husband acted as her agent in respect to making a contract with each one of the petitioners. Without reviewing the testimony on this point in detail, it is sufficient to say that the Court finds as a fact that in each case the contract for the work done and materials furnished was made by the respondent through the agency of her husband, who was authorized by her to enter into such contracts on her behalf.

The point urged is that the respondent, a married woman and the owner of the premises, did not give her consent in writing as provided in the section of the lien law under which the petitioners seek to establish their liens.

The respondent relies on *Briggs* vs. *Titus*, 7 R. I. 441, and *Cameron* vs. *McCullough*, 11 R. I. 173, in support of the position that her consent in writing is necessary to the establishment of the lien.

The clause in the act reading "or by the husband of such owner with the consent of his wife in writing" has stood unchanged on the statute book since 1857, but since that time the status of a married woman relative to her power to make contracts, her liabilities under contracts, and her power over her real estate has undergone a complete revolution.

*Cameron* vs. *McCullough*, 11 R. I. 173, was decided in 1875. At that time a married woman had no power to enter into contracts relating to her real estate except by a deed jointly with her husband, nor was such real estate even subject to an equitable charge for her individual contracts in favor of her creditors.

*Angell* vs. *McCullough*, 12 R. I. 47.

This being the status of a married woman, the Court held, in the Cameron-McCullough case, that "in order to carry out the policy of the law as it then stood, that to establish a lien on the property of a married woman, the improvement must have been contracted for in writing by her jointly with her husband or have been made by contract with or at the request of the husband with her consent in writing."

The policy of the law has undergone a profound change since this case was decided. The class of persons who, as owners, may make contracts for improvements on their land, as provided in the first section of the lien law, has now been expanded to include married women unless the literal words of the statute stand in the way.

The real estate of a married woman is now her sole and separate property free from the control of her husband, (Chap. 290, Sec. 1, Gen. Laws 1923); she may make any contract whatsoever as if she were single and unmarried, is subject to the same liabilities thereon (Sec. 3); she may convey her interest in real or personal property in the same manner as if she were single and unmarried, (Sec. 4); and the husband may act as the agent of his wife, (Sec. 11).

These changes in the status of a married woman came about long previous to the acquisition of the property by the respondent and after the decision in *Cameron* vs. *McCullough*, 11 R. I. 173.

The acts which have bestowed complete freedom of contract on married women and given them absolute control over their property and freedom to alienate their property have received a very liberal interpretation.

*Taylor* vs. *Slater*, 18 R. I. 797;
*Merriam* vs. *White*, 18 R. I. 727.

In *McElroy* vs. *Capron*, 24 R. I. 561, the Court said that the statute rela-

tive to the rights and liabilities of a married woman should be construed to carry out the general policy of placing a married woman on the same plane as if she were sole and unmarried.

The lien law should be construed so as to be consonant with the general policy of the law in reference to the status of married women.

Cameron vs. McCullough, 11 R. I. 173.

"An implied repeal results from some enactment the terms and necessary operation of which cannot be harmonized with the terms and necessary effect of an earlier act. Subsequent legislation repeals previous inconsistent legislation whether it expressly declares such repeal or not. The intention to repeal will not be presumed, nor the effect of repeal admitted unless the inconsistency is unavoidable."

1 Lewis' Sutherland's Statutory Construction, 2nd ed. Sec. 247, pp. 461, et seq.

Sec. 1 of Chap. 301 provides that a married woman in order to burden her real estate with a lien must act jointly with her husband and that her consent must be in writing.

A later statute (Chap. 290) gives a married woman the absolute sole control over her real estate and grants her power to make any contract whatsoever as though single and unmarried and "with the same rights and liabilities."

In order to put argument to an end in respect to the status of a married woman, the act uses the all embracing terms "any contract whatsoever."

One act restricts the power of a woman over her real estate by making joint action necessary and limits her power to contract in reference thereto, and a later act frees both her powers and her liabilities from all restrictions.

The inconsistency between the two acts is manifest.

If the general policy of the law in regard to married women be attended to and the total inconsistency between the lien law and the married women's act be taken into consideration, it follows that the clause in the act now under consideration must be taken as repealed by the later act and the Court so rules.

The prayer of each petition for the establishment of a lien is granted.

The amounts of the liens are not in dispute. I find in the case of Woonsocket Supply Co. vs. Justina Archambault et al., Eq. No. 10027, that a lien to the amount of $672.74 has been established. I find that in the case of Louis Peloquin vs. Justina Archambault et al., Eq. No. 10029, a lien in the amount of $143.76 has been established.

The order of priority of the several mortgages on the property and the amounts due on each mortgage may be determined at the time of hearing on entry of decree.

For petitioner: James H. Rickard.
For respondent: Eugene L. Jalbert.